UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JEROME CARRINGTON, Individually and on          :
Behalf of All Other Persons Similarly Situated,    :
                                               :
      Plaintiff,                              :
                                               :
      -against-                              :
                                               :
CMS COMPLETE MANAGEMENT                         :
SOLUTIONS INC., ABC CORPORATIONS                :
# 1-10, and JOHN DOES # 1-10, Jointly and       :
Severally,                                        :
                                               :
      Defendants.                            :
------------------------------------------------------------X

**CV12 - 304**

Index No. _____

CLASS AND COLLECTIVE
ACTION COMPLAINT_____

JURY DEMANDED

ECF CASE

GERSH?

REYES, M.J

## NATURE OF THE ACTION

1.     Plaintiff Jerome Carrington ("Plaintiff Carrington") alleges on behalf of himself and other similarly situated current and former employees of the Defendants who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages under the FLSA, 29 U.S.C. §§201 *et seq.*

2.     Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay, for reimbursement for improper wage deductions and for reimbursement of business expenses, as required by NYLL §§ 650 *et seq.,* including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official

1

Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the NYLL).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district under 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff Jerome Carrington was, at all relevant times, an adult individual, residing in East Stroudsburg, Pennsylvania, County of Monroe.

7.      Upon information and belief, Defendant CMS Complete Management Solutions Inc. ("CMS") is a New York Corporation, with a principal place of business at 140 58th Street, Suite 6D, Brooklyn, New York 11220, County of Kings.

8.      Upon information and belief, ABC Corporations # 1-10 represent the other corporate Defendants, whose identities are presently unknown, that owned, operated and/or controlled the day-to-day operations and management, and that jointly employed Plaintiff and other similarly situated employees at all relevant times and acted intentionally and maliciously and are "employers" under the FLSA, 20 U.S.C. § 203(d),

2

and the regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL Section 2 and the regulations thereunder and are jointly and severally liable with the Defendants.

9.      Upon information and belief, John Does # 1-10 represent the officers, directors and/or managing agents of Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" under the FLSA, 20 U.S.C. § 203(d), and the regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL Section 2 and the regulations thereunder and are jointly and severally liable with the Defendants.

10.     Upon information and belief, Defendant CMS is an enterprise engaged in commerce or in the production of goods for commerce. Defendant CMS is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, each Defendant's annual gross volume of business is at least $500,000.00.

11.     Each Defendant, either directly or indirectly, has hired and fired Plaintiff and other employees, controlled Plaintiff's work schedule and conditions of employment, determined the rate and method of his payment, and kept at least some records regarding his employment.

## COLLECTIVE ACTION ALLEGATIONS

12.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons Defendants are employing or have employed who hold or held the tile of "courier" or "messenger" at any time since January 18, 2006 (the statute of limitations is extended under equitable tolling) to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek (the "Collective Action Members").

13.     This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, approximately forty (40) Collective Action Members exist during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

14.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

15.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action

Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. No difficulty exists in the management of this action as a collective action.

16.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.      whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b.      whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c.      what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.      whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff was employed, violating C.F.R. § 516.4;

e.      whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, violating the FLSA and the regulations promulgated thereunder;

f.    whether Defendants misclassified the Collective Action Members as exempt from overtime;

g.    whether Defendants misclassified Plaintiff and the Collective Action Members as independent contractors;

h.    whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

i.    whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees;

j.    whether PFW Inc. and CMS are or were joint employers;

k.    whether Defendants should be enjoined from such violations of the FLSA in the future; and

l.    whether the statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## CLASS ALLEGATIONS

17.    Plaintiff sues on his own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

18.    Plaintiff brings his NYLL claims on behalf of all persons who Defendants are employing and have employed who hold or held the tile of "courier" or "messenger" at any time since January 18, 2016, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the NYLL and who

have not been paid overtime wages and who have not been reimbursed for improper deductions and business expenses, violating the NYLL (the "Rule 23 Class Members").

19.     The Rule 23 Class Members identified above are so numerous that joinder of all members is impracticable.   Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, approximately forty (40) Rule 23 Class Members exist during the Class Period.

20.     Plaintiff's claims are typical of the claims of the Rule 23 Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

21.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

22.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

23.     Plaintiff has the same interest in this matter as all other members of the class and Plaintiff's claims are typical of the Rule 23 Class.

24.     Questions of law and fact common to the Rule 23 Class exist that predominate over any questions solely affecting the individual members of the Rule 23 Class, including but not limited to:

a.    whether the Defendants employed Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL;

b.    whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Rule 23 Class;

c.    what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.    whether Defendants failed and/or refused to pay Plaintiff and the members of the Rule 23 Class premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the NYLL;

e.    whether Defendants failed and/or refused to reimburse Plaintiff and the members of the Rule 23 Class for business expenses;

f.    whether Defendants made improper deductions from the wages of Plaintiff and the members of the Rule 23 Class;

g.    whether Defendants misclassified Plaintiff and the members of the Rule 23 Class as exempt from overtime;

h.    whether Defendants misclassified Plaintiff and the members of the Rule 23 Class as independent contractors;

i.    whether PFW Inc. and CMS are or were joint employers;

j.    whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

8

k.      whether the Defendants should be enjoined from such violations of

the NYLL in the future.

l.

## STATEMENT OF FACTS

25.      Upon information and belief, PFW Inc. ("PFW") was a corporation

organized and existing under the laws of the State of New Jersey, but is now an inactive

corporation.

26.      Upon information and belief, during the relevant time period, PFW Inc.

and CMS are and were a single joint employer and had a high degree of interrelated and

unified operations and shared common management, centralized control of labor

relations, common ownership, common control, common business purposes and

interrelated business goals.

27.      At all relevant times, upon information and belief, during the relevant time

period, PFW and CMS are or were messenger service companies that deliver and pick-up

packages, envelopes and parcels throughout the State of New York.

28.      On or about November 2003, Plaintiff commenced employment with the

Defendants in the position of "messenger" when PFW hired him.

29.      The work performed by Plaintiff required little skill and no capital

investment, and his duties did not include managerial responsibilities or the exercise of

independent judgment.

30.      Throughout the time Defendants employed Plaintiff Carrington and, upon

information and belief, both before that time and continuing until today (the Class Period

and Collective Action Period), Defendants have likewise employed other individuals like

Plaintiff Carrington (the Collective Action Members and Rule 23 Class) in positions that required little skill and no capital investment, and their duties and responsibilities did not include any managerial responsibilities, or the exercise of independent judgment.

31.    As a messenger, the duties of Plaintiff Carrington and, upon information and belief, the Rule 23 Class and Collective Action Members did not require them to drive outside the boundaries of the State of New York.

32.    Upon information and belief, Plaintiff Carrington and, upon information and belief, the Collective Action and Rule 23 Class Members regularly worked in excess of forty (40) hours per workweek.

33.    During the Class and Collective Action Period, Plaintiff Carrington and, upon information and belief, the Rule 23 Class Members and Collective Action Members often worked twelve (12) hour shifts, five days per week, totaling approximately sixty (60) or more hours per week.

34.    Until in or about 2008, during the Class and Collective Action Period, Plaintiff Carrington was paid a flat rate of $1,500.00 per week, regardless of the hours worked.

35.    Beginning in 2008, during the Class and Collective Action Period, Defendants deducted from the wages of Plaintiff and, upon information and belief, the Rule 23 Class and Collective Action Members, $300.00 per week.

36.    In 2008, Defendant Wright informed Plaintiff and the Rule 23 Class and Collective Action Members that Defendants were deducting $300.00 from their wages because of the economic recession.

37.     Defendants did not pay Plaintiff Carrington and, upon information and belief, the Collective Action and Rule 23 Class Members premium pay of one and one-half (1 ½) times their regular rate of pay for any hours they worked in excess of forty (40).

38.     Upon information and belief, Defendants classified Plaintiff and the Collective Action and Rule 23 Class Members as independent contractors, not employees, and PFW issued to them a Form 1099 and did not take any withholdings from their wages.

39.     Upon information and belief, Plaintiff and the Collective Action and Rule 23 Class Members were prohibited from making deliveries or pickups for any company besides Defendant CMS.

40.     Upon information and belief, Plaintiff and the Collective Action and Rule 23 Class Members would make their deliveries and pick ups using a vehicle that weighs less than 10,000 pounds.

41.     Upon information and belief, Plaintiff and the Collective Action and Rule 23 Class Members would make their deliveries and pick-ups in a vehicle with an individual hired by CMS.

42.     Plaintiff only made deliveries and pickups for Defendant CMS.

43.     Upon information and belief, PFW has or had a contract with Defendant CMS specifying, *inter alia*, that PFW will only provide courier and messenger services for CMS.

44.     Upon information and belief, Plaintiff and the Collective and Rule 23 Class Action Members often began their shifts by picking up a delivery schedule and

parcels from CMS headquarters in Brooklyn, New York, which they would deliver primarily in the borough of Manhattan.

45.　　During the Class and Collective Action Period, dispatchers from PFW and Defendant CMS directed Plaintiff and, upon information and belief, the Rule 23 Class and Collective Action Members where to pick up and/or drop off parcels.

46.　　During the Class and Collective Action Period, Defendant CMS supervisors directed and instructed how Plaintiff and, upon information and belief, the Rule 23 and Collective Action Members were to perform their duties as messengers.

47.　　Upon information and belief, Defendant CMS had and have the authority to terminate the employment of any messenger PFW hired.

48.　　During the Class and Collective Action Period, Defendant CMS tracked and monitored the hours worked by Plaintiff and, upon information and belief, the Rule 23 Class and Collective Action Members.

49.　　Upon information and belief, an owner and partner of PFW, "Rubin," has an ownership interest in Defendant CMS.

50.　　During the Class and Collective Action Period, Plaintiff and, upon information and belief, the Rule 23 Class and Collective Action Members were responsible for paying for gasoline, tolls and repairs they incurred in performing their duties for Defendants ("business expenses").

51.　　Upon information and belief, Defendants did not reimburse Plaintiff and the Rule 23 Class and Collective Action Members for their business expenses.

52.　　Upon information and belief, during the Class and Collective Action Period, Defendants employed approximately twenty (20) messengers at one time.

53.     Upon information and belief, during the Class and Collective Action Period, employees with the position of messenger voluntarily or involuntarily terminated their employment with Defendants, and Defendants hired additional employees with the position of messenger.

54.     Throughout the Class and Collective Action Period, upon information and belief, Defendants failed to maintain accurate and sufficient time records.


## FIRST CAUSE OF ACTION

### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
(Brought on Behalf of Plaintiff and the Collective Action Members)

55.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

56.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

58.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

59.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).   Plaintiff's written consent is attached hereto and incorporated by reference.

60.     Defendants were required to pay Plaintiff and the Collective Action Members no less than one and one-half (1 ½) times the regular rate at which Plaintiff was

employed for all hours worked in excess of forty (40) hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of forty (40) hours per workweek.

62.     Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay the Collective Action Members overtime wages.

63.     Upon information and belief, at all relevant times, Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff and the Collective Action Members were employed, violating 29 C.F.R. § 516.4

64.     As a result of Defendants' failure to record, report, credit, and/or compensate Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65.     As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation under 29 U.S.C. § 216(b).

66.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled for a six-year statute of limitations.

67.     As a result of the Defendants' failure to record, report, credit and/or compensate their employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

## SECOND CAUSE OF ACTION

### NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

68.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

69.     Defendants are employers within the meaning of NYLL §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff and the Rule 23 Class.

70.     Under the NYLL and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff and the Rule 23 Class one and one-half (1 ½) times their regular rate of pay for all hours they worked in excess of forty (40).

71.     Defendants failed to pay the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

72.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Rule 23 Class the correct amount of overtime wages.

73.     Due to Defendants' violations of the NYLL, as amended by the New York Wage Theft Prevention Act ("WTPA"), Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

### THIRD CAUSE OF ACTION

### NEW YORK LABOR LAW – REIMBURSEMENT OF EXPENSES
(Brought on Behalf of Plaintiff and the Rule 23 Class)

74.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as if fully set forth herein.

75.     Defendants failed to pay Plaintiff and the Rule 23 Class the full amount of their wages as a result of failing and/or refusing to reimburse them for their business expenses, violating NYLL Article 6 § 193 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 137-2.5.

76.     Due to Defendants' violations of the NYLL, as amended by the WTPA, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid business expenses, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the Rule 23 Class and Collective Action Members, respectfully requests that this Court grant the following relief:

16

a.      Certification of this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Rule 23 Class and appointing Plaintiff Carrington and his counsel to represent the Rule 23 Class;

b.      Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Carrington and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth in this Complaint;

e.      An award of unpaid overtime compensation under the FLSA and NYLL, and for reimbursement of business expenses under the NYLL;

f.      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and reimbursement of business expenses under 29 U.S.C. § 216 and the NYLL, as amended by the WTPA;

g.      Equitably tolling the statute of limitations under the FLSA;

h.      An award of prejudgment and post-judgment interest;

i.      An award of costs and expenses of this action together with reasonable

        attorneys' and expert fees; and

j.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions

of fact the Complaint raises.


Dated: New York, New York
       January 18, 2012


BRONSON LIPSKY LLP

By _____
   Douglas Lipsky (DL-9372)
   630 Third Avenue, Fifth Floor
   New York, New York 10017-6705
   Phone: (212) 392-4772
   Fax:    (212) 444-1030
   Email: dl@bronsonlipsky.com

   Jeffrey M. Gottlieb (JG-7905)
   nyjg@aol.com
   Dana L. Gottlieb (DG-6151)
   danalgottlieb@aol.com
   GOTTLIEB & ASSOCIATES
   150 East 18th Street, Suite PHR
   New York, New York 1003
   Phone: (212) 228-9795

   *Attorneys for Plaintiff*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _CMS Complete Management Solutions Inc._ to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.


_Jerome Carrington_     11/22/01     _Jerome Carrington_
Signature                Date      Print Name